## Commonwealth v. Tidwell.

(Decided January 13, 1915.)

### Appeal from Livingston Circuit Court.

1. False Pretenses—Indictment for—When Defective.—An indictment for obtaining money by false pretenses, which charges the defendant with inducing the prosecutrix to buy of him a picture and picture frame, at a price not greater than its actual value, by falsely representing to her that a person or company, unnamed, whom he represented, would at some time in the future, not indicated, give her a Singer sewing machine, does not state an offense under the statute; hence, a demurrer to such indictment was properly sustained.

2. False Pretenses—False Promise—When Not a False Pretense.—A false promise to do something resting upon an event to happen in the future, is not within the statute denouncing false pretenses, unless it is coupled with a false statement or representation as to a past or existing fact, or facts, which induces another to rely upon the false promise, and by reason thereof, be defrauded and deprived of his money or property.

JAMES GARNETT, Attorney General; CHARLES H. MORRIS, Assistant Attorney General, and JOHN L. GRAYOT for appellant.

HENDRICK & NICHOLS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The grand jury of Livingston county, at the July term, 1913, of the circuit court thereof, returned against the appellee, G. W. Tidwell, the following indictment:

"The Grand Jurors of the County of Livingston, in the name and by the authority of the Commonwealth of Kentucky, accuse G. W. Tidwell of the crime of Obtaining Money by False Pretenses, Statements and Tokens, committed in manner and form as follows, to-wit: The said Tidwell, in the said County of Livingston, on the —— day of June, 1913, and before the finding of this indictment, did, by false pretenses, statements and tokens, with intentions to commit a fraud, obtain from Mrs. Tom Champion twelve dollars and seventy cents in money, United States Currency, which may be the subject of Larceny, by stating, representing and pretending to the said Mrs. Tom Champion that she would receive a Singer Sewing Machine from the persons he was representing if she would pay to and deliver to him said amount in payment for an enlarged picture and picture frame, which said statement, representation and pretense was false and untrue, and so known to be by said G. W. Tidwell when he made it, for in truth and in fact Mrs. Tom Champion would not and did not receive a Singer Sewing Machine, or any Sewing Machine, from the person he was representing on payment to said G. W. Tidwell of the said amount of money aforesaid as payment for an enlarged picture frame, and the said G. W. Tidwell well knew she would not, and that said persons he was representing did not have any Singer Sewing Machine to give or send as aforesaid. The said Mrs. Tom Champion, believing and relying on the statements, representations and pretenses made to her by said G. W. Tidwell, as aforesaid, delivered and gave to him, said G. W. Tidwell, twelve dollars and 70 cents in money and the said G. W. Tidwell received and accepted and kept the said amount of money as given him by said Mrs. Tom Champion. At the time the said Mrs. Tom Champion gave and delivered the said money to said Tidwell she did not know and had no reasonable way of knowing that the said statements, representations and pretenses so made to her by said Tidwell were false against the peace and dignity of the Commonwealth of Kentucky."

Appellee filed a demurrer to the indictment, which the circuit court sustained, and from the judgment manifesting that ruling the Commonwealth has appealed.

"While it must be conceded to be the law that a false promise to do something, resting upon an event to happen in the future, is not within the statute denouncing false pretenses, yet it is equally true that a promise of future performance, when coupled with a false statement as to a past or existing fact or facts, which induces another to rely upon the false promise, will, in connection with the false statement as to the existing fact or facts, constitute a 'false pretense' in the meaning of the statute, and conviction thereon may be had." McDowell v. Commonwealth, 136 Ky., 8; Smith v. Commonwealth, 141 Ky., 534; Murphy v. Commonwealth, 96 Ky., 29; 2nd Roberson's Crim. Law, 666.

It is manifest that the false pretense set forth in the indictment was solely as to a future event. It will be observed that appellee represented to Mrs. Champion that she would receive a Singer sewing machine from the person represented by him, if she would pay him $12.70 for an enlarged picture and picture frame which he then had and was attempting to sell her. The indictment does not give the name of the person whom appellee claimed to represent; nor does it allege that appellee represented that he or such person then had the sewing machine Mrs. Champion was to receive; nor is it therein alleged that he indicated any time or date for the delivery to her of the sewing machine. In the absence of an averment to the contrary, the presumption will be indulged that the picture and frame were delivered by appellee to Mrs. Champion at the time the transaction took place and that they were then worth the $12.70 which she paid appellee for them.

It should further be remarked that it is not alleged in the indictment that the representations as to the existing facts were false; that is, that there were any false representations made by appellee as to the character or value of the picture or frame, or as to appellee's ownership thereof, or his right to sell same to Mrs. Champion; nor is it alleged in the indictment that Mrs. Champion was not a person of ordinary intelligence and prudence. If the picture and frame were, as we must suppose, of the value of $12.70, Mrs. Champion was not actually defrauded in the transaction. As the

indictment does not allege that appellee represented the value of the picture and frame to be greater than it was, or that it was in fact less than $12.70, Mrs. Champion, being a person of ordinary intelligence, must be presumed to have known what they were worth and to have willingly paid for them the price charged; and, if the representation of appellee that there would be a future delivery to her of a sewing machine was an inducement to her purchase of the picture and frame, its delivery could only have been expected as a bonus and not as a part of the consideration for which she parted with the $12.70.

The indictment, it is true, alleges that the statement of appellee that Mrs. Champion would receive the sewing machine was a false representation and that the machine was never, in fact, delivered to her, but this false representation was solely as to an event to happen at an uncertain time in the future, and was, therefore, a mere promise of future performance, unconnected with a false statement as to a past or existing fact, for, as already said, there was no false statement or representation made by him as to his right to sell her the picture and frame, or as to its value. We are of opinion, therefore, that the facts alleged in the indictment do not bring the acts of appellee within the statute denouncing false pretenses.

We do not agree with the contention of appellant's counsel that this case is controlled by the opinion in Commonwealth v. Murphy, *supra*. In that case the defendant fraudulently obtained from another $1.25 by falsely representing to him that he, defendant, then possessed authority to give, and would give, him the place of night watchman at a railroad depot; the money being, as represented, necessary to send to headquarters. There was, therefore, in that case a false representation by Murphy as to an existing fact, namely, that he had authority to procure the appointment of a night watchman, coupled with which was the further false pretense that the appointment of the person from whom he obtained the $1.25 would be made in the future, the two combining to defraud the latter, to whom the false representations were made, out of the money paid Murphy by him. In the instant case there were no fraudulent statements or representations as to a past or existing fact, the only false representation alleged consisting in

a false promise resting upon an event to happen at an unnamed time in the future, which does not constitute a false pretense in the meaning of the statute.

The indictment failing to charge a public offense, the demurrer to it was properly sustained by the circuit court, wherefore, the judgment is affirmed.