**Mitchell ROWLAND, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 3, 1972.

Robert C. Carter, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., Douglas E. Johnson, Sp. Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant, Mitchell Rowland, was convicted on two counts of an indictment which purported to charge him with the offense of obtaining money under false pretenses. KRS 434.050. He was sentenced to confinement for one year and a day on each count, the sentences to run consecutively.

The appellant contends that the indictment did not charge him with a public offense, the evidence was not sufficient to support the verdict, the instructions were erroneous and the argument of the Commonwealth's Attorney was inflammatory and prejudicial.

The appellant was employed by the city of Louisville, Kentucky, to investigate complaints of violations of the Louisville Zoning Ordinance. In two cases which resulted in these charges being preferred, his

investigation showed that Edward Hubbard and Hershell Cox were engaged in business enterprises in areas of the city which were not zoned for those purposes. They were each convicted and fined for the violations.

Subsequently the appellant offered to help them secure a change of zoning or a conditional use permit in consideration of the payment to him of a fee. The indictment charged in substance that appellant obtained money from Hubbard and Cox by falsely pretending that he *would* make an application for a change of zoning. (Emphasis ours).

Appellant collected his fees from Hubbard and Cox but as of the date of the trial no applications for a change of zoning had been filed by him on their behalf.

The indictment is not sufficient to charge a public offense. It charges that appellant falsely pretended he *would* make an application. Of necessity this refers to his promise to do something in the future.

 To constitute the crime of obtaining money by a false pretense or statement, there must be a statement or pretense that some existing or past material fact is true when in fact it is false. The overwhelming weight of authority is to the effect that a false representation as to some future event will not support a conviction. Commonwealth v. Tidwell, 162 Ky. 114, 172 S.W. 102 (1915); 32 Am.Jur. 2d, False Pretenses, Section 12; 35 C.J.S. False Pretenses, § 9; Annotation 168 A.L. R. 833.

This indictment must fail because it does not charge a false pretense or statement of any past or existing material fact. It would be different if it charged that appellant obtained money by a false representation that he *had already filed* an application for rezoning.

Since the only false pretense alleged in the indictment was of a future event it is not proscribed by KRS 434.050. The Commonwealth, in its brief, does not suggest that the conduct set forth in the indictment constitutes any other public offense.

It is unnecessary for us to consider the other assignments of error in view of our holding that the indictment is insufficient.

The judgment is reversed.

All concur.